AMERICAN VISCOSE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VISCOSE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VISCOSE CORPORATION OF VIRGINIA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33953, 39112, 39113.   Promulgated May 13, 1930.

*Nelson S. Spencer, Esq.,* for the petitioners.
*John D. Foley, Esq.,* for the respondent.

938

OPINION.

TRUSSELL: The issue in this case is one of law, whether an amount of interest received from the Government in the taxable year, pursuant to section 1116 of the Revenue Act of 1926, upon the amount of a refund of Federal income and profits taxes is " interest upon obligations of the United States " and, therefore, is exempt from the tax under the provisions of section 213 (b) (4) of that act.

In *Kansas City Southern Railway Co.*, 16 B. T. A. 665, we had the question as to whether interest paid by the United States, under requirements of the statute, upon awards of just compensation for railroad properties used by it during the period of Federal control, constituted interest upon obligations of the United States in the sense in which that term is used in section 213 (b) (4) of the Revenue Act of 1918, which is similar to the provision of the 1926 Act here involved. In holding that the obligation of the United States to pay just compensation was not the character of obligation referred to in the cited section and that the interest paid thereon was not subject to the exemption provided, we said:

\* \* \* The apparent purpose for exempting from taxation the interest upon obligations of the United States was to facilitate the flotation of low-interest-bearing Government securities, thus partially compensating for the higher interest rates of competitive private issues. The reason for the exemption does not apply to interest on obligations, construing that word in the broad sense for which the petitioner contends.

\* \* \* \* \* \* \*

The Congress first exempted obligations of the United States in general terms. It later saw fit to expressly exempt securities under the provisions of the Federal Farm Loan Act and bonds issued by the War Finance corporation. We do not believe, however, that it intended to distinguish between bonds and securities, as such, and obligations of the United States, or to broaden the scope of that provision beyond the already understood and generally accepted meaning of that term. It merely sought to add to, by way of definiteness, the securities, of the Federal Farm Loan Board and War Finance Corporation, leaving the term " obligations of the United States " to cover all other bonds or other similar evidences of indebtedness issued by the United States but not specifically mentioned in the Act.

We can see no reason to depart from the conclusion reached in the cited case, and the reasons there expressed for that conclusion apply with equal force to the situation here presented. We hold that the

interest in question received by the Viscose Co. in 1926 should have been included in the consolidated income of the affiliated petitioners.

> *Judgment of no deficiency will be entered in Dockets Nos. 39112 and 39113. In Docket No. 33953 judgment will be entered for the respondent.*